UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN S. BENCHICK, et al.,

            Plaintiffs,

                                                    Civil Action No. 10-CV-12996

vs.                                                 HON. MARK A. GOLDSMITH

LOANSTAR LENDING, INC., et al.,

            Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK,
N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY,
FOR SUMMARY JUDGMENT (DKT. 51)**

**I.      Introduction**

          This is a mortgage foreclosure case.  The matter is before the Court on Defendant

JPMorgan Chase Bank, N.A.'s motion for judgment on the pleadings or, alternatively, for

summary judgment.  Def. Mot. (Dkt. 51).  The motion is fully briefed.  Pursuant to E.D. Mich.

LR 7.1(f), the Court decides this matter without oral argument.  For the reasons discussed below,

the Court will grant Defendant's motion for judgment on the pleadings.

**II.     Procedural Posture**

          Plaintiffs' complaint challenges the validity of a mortgage contract and of foreclosure

proceedings commenced on the mortgage.  Am. Compl. (Dkt. 45).  Although the original

complaint was filed against multiple defendants, JPMorgan Chase ("Chase") is the only remaining defendant.[1]

Three counts in Plaintiffs' Amended Complaint (Dkt. 45) are applicable to Chase: (i) count three, claiming fraudulent inducement, but only insofar as Plaintiffs seek equitable relief; (ii) count five, claiming void mortgage contract, but only insofar as Plaintiffs seek equitable relief; and (iii) count eight, claiming wrongful mortgage foreclosure.  Stipulation and Order to Consolidate Cases at 2 (Dkt. 40) (clarifying that counts three and five are applicable to Chase only regarding equitable relief); Am. Compl. ¶¶ 67 - 73 (Dkt. 45) (amending complaint to add count eight alleging wrongful mortgage foreclosure).

### III.    Background

On June 1, 2007, John I. Benchick entered into a mortgage contract with Washington Mutual, brokered by Loanstar Lending, Inc., for the property at issue here.  Compl. ¶ 7 (Dkt. 45). In connection with this transaction, a note and mortgage were executed by John I. Benchick and his wife, Helen Benchick, and the Benchicks also signed a Truth in Lending Act disclosure

---

[1] The complaint was initially brought against: (i) Loanstar Lending, Inc.; (ii) Washington Mutual Bank, N.A.; and (iii) Chase.  Compl. at 1, Ex. A to Def. Notice of Removal (Dkt. 1-2).  The claims were bifurcated and the state law claims remanded.   Order Remanding Plaintiffs' State Law Claims (Dkt. 6).  The remanded state law claims were re-removed to this Court (Case No. 11-10277, Dkt. 1) and the two cases were consolidated in Case No. 10-12996.   Stipulation and Order to Consolidate Cases (Dkt. 40).

Defendants Washington Mutual Bank, N.A., and Loanstar Lending, Inc., were dismissed from this case as follows.  The Federal Deposit Insurance Corporation ("FDIC") was substituted as a defendant for Washington Mutual in its capacity as Receiver of Washington Mutual. Stipulated Order Substituting FDIC (Dkt. 18).  FDIC was later dismissed from the case.  Opinion and Order Granting Motion to Dismiss (Dkt. 34).  Loanstar Lending, Inc. was then terminated from the case pursuant to a settlement agreement.  Stipulation and Order (Dkt. 50).  Defendant Chase then filed the motion currently pending before the Court.

statement.  <u>See</u> Note, Mortgage, TILA Statement, Exs. E, F, G to Def. Mot. (Dkts. 51-6, 51-7, 51-8).

As this Court noted in its Opinion and Order Granting Defendant FDIC's Motion to Dismiss, Washington Mutual was closed by the Office of Thrift Supervision in 2008.  Opinion at 2 (Dkt. 34).  The FDIC was appointed as receiver to Washington Mutual, and the FDIC succeeded to "all rights, titles, powers, and privileges . . . and the assets of [Washington Mutual]."  <u>Id.</u> (citing 12 U.S.C. § 1821(d)(2)(A)(i)).  On September 25, 2008, Chase acquired from FDIC all mortgages that had been owned by Washington Mutual.  Purchase and Assumption Agreement § 3.1, <u>available at</u> http://www.fdic.gov/about/freedom/ Washington_Mutual_P_and_A.pdf.

Chase then assigned the mortgage to Bank of America.  The assignment was recorded on March 11, 2009.  Assignment, Ex. H to Def. Mot (Dkt. 51-9).  On March 31, 2009, Bank of America foreclosed on the property.  Sheriff's Deed, Ex. I to Def. Mot. (Dkt. 51-10).  After this litigation began, John I. Benchick died.  Death Certificate, Ex. L to Def. Mot (Dkt. 51-13).  The complaint lists as plaintiffs John I. Benchick and Helen Benchick, and also indicates that John S. Benchick brings the complaint on behalf of John I. and Helen Benchick.  Am. Compl. at 1 (Dkt. 45).

## IV.    Legal Standard

A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial.  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion may be used to seek dismissal of a case based on failure to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(h)(2)(B).  When a Rule 12(c) motion raises the defense that the Complaint failed to state a

claim on which relief may be granted, the court applies the Rule 12(b)(6) standard.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987).

In order to survive a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).  A complaint will be dismissed unless, when all well-pled factual allegations are accepted as true, the complaint states a "plausible claim for relief."  Id. at 679.  In ruling on a motion to dismiss, the Court may consider the entire complaint, documents incorporated by reference in the complaint and central to the claims, and matters on which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  Materials on which a court may take judicial notice include public records.  New England Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds by Merck & Co, Inc. v. Reynolds, 130 S. Ct. 1784 (2010)) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

## V.    Analysis

### A.  Fraudulent Inducement Claim (Count Three)

Count three of the complaint alleges fraudulent inducement.  Compl. ¶¶ 33 – 40 (Dkt. 45).  Plaintiffs allege that Defendants made material misrepresentations regarding the mortgage contract, id. ¶ 34; that Defendants made the representations with the intent Plaintiffs would rely on them, id. ¶ 35; that Defendants knew the representations were false, id. ¶ 36; that Plaintiffs relied on the representations to their detriment, id. ¶¶ 37, 38; and that Plaintiffs suffered damages as a result.  Id. ¶ 39.

Defendant contends that count three fails to state a claim because Plaintiffs did not allege any facts supporting their claim that Defendant made material misrepresentations.  Def. Mot. at 10 (Dkt. 51).  Specifically, Defendant argues that Plaintiffs do not cite any promises that turned out to be false, nor do they show how Washington Mutual or Chase materially misrepresented future conduct.  Def. Rep. at 4 (Dkt. 58).[2]  Plaintiffs do not respond to this argument.  In their response brief, Plaintiffs contend that fraud may be perpetrated where misrepresentations pertained to future actions, that they were induced into entering into a contact that would negatively amortize and increase the required payments, and that they were "unwittingly and unknowing placed in a nationally acknowledged predatory loan package, a pay option arm loan, with complex mortgage terms they would not have understood . . . .".  Id. Pl. Resp. at 13-14 (Dkt. 57).

In light of these arguments, the Court turns to applicable case law.  In order to establish fraud in the inducement, a party must show that:

> 1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

Custom Data Solutions, Inc. v. Preferred Capital, Inc., 733 N.W.2d 102, 105 (Mich. Ct. App. 2006) (citations and quotation marks omitted).  "The absence of any one of [these elements] is fatal to a recovery."  Hi-Way Motor Co. v. Int'l Harvester Co., 247 N.W.2d 813, 816 (Mich. 1976) (citation and quotation marks omitted).

---

[2] Defendant also argues that the contention in the complaint that the mortgage was fraudulently signed in the name of Helen Benchick, when she was not actually present at the closing, is "patently false"; Helen Benchick testified under oath that she was in fact present at the closing and executed the mortgage.  Def. Mot. at 11-12 (Dkt. 51).  The Court notes that this fact is not in dispute.  Plaintiffs state in their response brief that Helen Benchick was present at the closing and signed the documents.  Pl. Resp., Counter-Statement of Material Facts ¶ 8 (Dkt. 56).

The Court has reviewed the amended complaint and, as Defendant contends, Plaintiffs do not allege any facts regarding a material misrepresentation on the part of Defendant.  Plaintiffs allege that the "material misrepresentations" involved (i) failure to disclose "the true terms and nature of the pay option arm mortgage," (ii) failure to disclose that "payments made by Plaintiffs would result in an increase of principal," and (iii) failure to disclose that "negative amortization would increase their principal balance" and increase the interest rate.  Compl. ¶ 34 (Dkt. 45).  However, these allegations, if accepted as true, reflect only a failure to disclose certain facts as opposed to affirmative misrepresentations.  In Michigan, a claim of fraud may only be predicated on a failure to disclose if the defendant has a duty to disclose those facts.  Clement-Rowe v. Mich. Health Care Corp., 538 N.W.2d 20, 23 (Mich. Ct. App. 1995) (discussing "silent fraud").  However, Plaintiffs do not allege that Defendant had a duty to disclose the facts at issue. The Court concludes that Plaintiffs have failed to allege specific facts in support of count three and that, accordingly, count three must be dismissed for failure to state a claim.

### B.  Void Contract Claim (Count Five)

Count five of the complaint alleges that the mortgage contract is void based on Plaintiff John I. Benchick's mental incapacity to contract.  Compl. ¶¶ 50 – 53 (Dkt. 45).  Defendant argues that John I. Benchick's claims should be dismissed because he died in November 2010, after litigation was commenced, and no personal representative was substituted as plaintiff.  Def. Mot. at 7 (Dkt. 51).  Defendant argues that the Court need not address the merits of count five because Plaintiffs waived John I. Benchick's claims.  Def. Rep. at 3 (Dkt. 58).  In their response brief, Plaintiffs argue that John I. Benchick's estate has standing to bring the instant claim.  Pl. Resp. at 12 (Dkt. 57).

In Michigan, a contract made by a mentally incompetent person prior to the adjudication of mental incompetency is not void, but voidable at the election of the mentally incompetent person.  Apfelblat v. Nat'l Bank Wyandotte-Taylor, 404 N.W.2d 725, 727 (Mich. Ct. App. 1987) (citations omitted).  Therefore, as Defendant contends, count five is John I. Benchick's claim, because John I. Benchick would have been the party with standing to elect to void the contract.

The Court turns to Federal Rule of Civil Procedure 25(a), which governs substitution of parties after the death of an original party.  The Rule provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Although Plaintiffs argue that John I. Benchick's estate has standing to bring the instant claim, there is no support for this argument.  John I. Benchick's estate may not continue his claim after his death unless Plaintiffs timely filed a motion to substitute the appropriate estate representative.  See Fed. R. Civ. P. 25(a)(1).  The docket does not reflect that any such motion has been filed.  Because Plaintiffs have failed to preserve this claim, count 5 must be dismissed.

### C.  Wrongful Foreclosure Claim (Count Eight)

Count eight of the complaint alleges a claim based on wrongful mortgage foreclosure under Mich. Comp. Laws §§ 600.3201 et seq.  Compl. ¶¶ 67 – 73 (Dkt. 45).  Count eight alleges:

(i) Chase assigned Plaintiffs' mortgage to Bank of America via an assignment that was fraudulently executed by a robo-signer, and was recorded after the commencement of the foreclosure by advertisement in violation of M.C.L. § 600.3204, id. ¶ 69; (ii) Bank of America proceeded with the sheriff's sale despite not having a valid legal interest in the property, id. ¶ 70; (iii) Chase did not comply with M.C.L. §§ 600.3204, 600.3212, id. ¶ 71; and (iv) Bank of America has no legal standing to foreclose.  Id. ¶ 72.  Plaintiff seeks to set aside the sheriff's sale and declare the foreclosure void.  Id. at 12.

Defendant argues that count eight should be dismissed because it was not the foreclosing party.  Def. Mot. at 15 (Dkt. 51).  Defendant argues that because the Court cannot grant Plaintiff the relief it seeks from Chase, count eight should be dismissed.  Id. at 15-16.  Plaintiffs do not respond to this argument.

The Court concludes that count eight fails to state a claim, because Plaintiffs do not establish that Defendant can remedy the alleged violation (wrongful foreclosure) claimed in count eight.  The Sixth Circuit has addressed the issue of a complaint not being brought against the proper defendant:

> In order to satisfy Article III's requirement that a federal court adjudicate only actual "cases and controversies," a plaintiff must "establish that, in fact, the asserted injury was the consequence of the defendants' actions, or that prospective relief will remove the harm."  Warth v. Seldin, 422 U.S. 490, 505, 95 S. Ct. 2197 (1975). The defendant in this suit is the Charter Township of Ypsilanti. [Plaintiff] does not claim that the Township was in any way at fault for the state trial court's delay, nor does he argue that the Township could remedy the alleged violation. The Township, then, is not the proper defendant against whom this claim may be asserted.

Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 498 (6th Cir. 2001).  If a complaint is not brought against the proper defendant, it is "subject to dismissal for failure to state a claim for relief."  Ellis v. Bradley Cnty., Tenn., 387 Fed. App'x 516, 517 (6th Cir. 2008).

It is undisputed that Bank of America, not Chase, was the foreclosing entity, and there is no allegation or indication that Chase can provide the relief sought in count eight. Furthermore, Plaintiffs did not respond to Defendant's argument that count eight should be dismissed because Chase is not the proper defendant. The Court concludes that count eight must be dismissed.[3]

### VI.    Conclusion

For the reasons stated above, the Court grants Defendant's motion for judgment on the pleadings or, in the alternative, for summary judgment (Dkt. 51).

SO ORDERED.

Dated:  December 11, 2012                          s/Mark A. Goldsmith
        Flint, Michigan                            MARK A. GOLDSMITH
                                                   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 11, 2012.

                                                   s/Deborah J. Goltz
                                                   DEBORAH J. GOLTZ
                                                   Case Manager

---

[3] Plaintiff contends that this Court may take judicial notice of a federal consent order for Chase regarding mortgage servicing plans. Pl. Resp. at 14; Consent Order attached at Ex. 10 (Dkt. 57-11). However, Chase did not foreclose on the property and, therefore, the wrongful foreclosure claim must be dismissed regardless of the existence of a federal consent order.

Defendant also raises assorted other arguments: (i) that John S. Benchick's claims should be dismissed for lack of standing, Def. Mot. at 7 (Dkt. 51), (ii) that Plaintiffs lack standing to challenge the foreclosure after the expiration of the redemption period, id. at 8; (iii) that Plaintiffs lack standing to challenge the assignment of the mortgage contract, id. at 16; (iv) that Plaintiffs' challenge to the foreclosure is barred by laches, id. at 16-17; and (v) that Plaintiffs' claims are barred under the election of remedies doctrine. Def. Rep. at 5 (Dkt. 58). However, because the Court dismisses the claims in Plaintiffs' amended complaint on other grounds, it need not reach these remaining arguments.